White, J.
Two alleged errors of law are relied upon for the reversal of the judgment.
1. That the omission to set forth the name of the person intended to be defrauded renders the indictment insufficient.
2. That the court erred in allowing the order to be given in evidence to the jury.
The indictment is framed in accordance with section 96 of the code of criminal procedure, which declares that it shall be sufficient “to allege that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person or .body corporate,” etc.
This section only concerns the form of the indictment, and does not, as we suppose, alter the character of the offence as defined in the crimes act. The .section is a transcript of sec. 8, ch. 100, of 14 Victoria, and in Regina v. Hodgson (36 E. L. and Eq. R. 626) such was held to be the only effect of the British statute.
The objection, however, to this section of the code is placed by counsel on the ground that it infringes on section 10 of the bill of rights, which guarantees to the defendant the right “to demand the nature and cause of the accusation against him.”
We do not understand that it was intended, by this pro *545 vision, to place the rules of- the common law) prescribing' the particularity with which offences were required to be charged, beyond all legislative control. And where, as in this case, the indictment -clearly informs the accused of the transaction for which he is called upon to answer, it is, we think, in this respect, free from constitutional objection.
The particular party intended to be defrauded is matter of inference to be drawn from the facts of the transaction, rather than a part of the transaction itself.
At common law, the intent may be laid differently in anj number of counts in the same indictment; and, for all substantial purposes of giving information to the accused, the present indictment is as effective as if it contained numerous counts, each stating a different party as the object of the intent.
2. The ruling of the court which constitutes- the second ground of error is' sustained by the State v. Potts (4 Halst. 26), and by the United States v. Hinman (1 Bald. C. C. R. 293); but the holding in Rex v. Hucks (1 Stark. R. 424) is to the contrary.
The general rule seems to be, .that a change in the spelling of a word which does not alter' its- meaning, 'or in the spelling of a name where the idem, soncms is preserved, is not ■deemed a material variance. 1 Starkie's Ev. s. p. 478.
If the variance between the name to -the order and the name appearing in the indictment had been plain, it' tvould have been the duty of the court to-refuse to allow the order-to be given in evidence. . But where the name to the order was uncertain, and was susceptible of being read and’ understood as agreeing-with the name’stated in the indictment, it was not, in our opinion, érror' for the court to submit the question to the jury. The State v. Potts supra; Hess v. The State, 5 Ohio, 8; May v. The State, 14 Ohio, 466.
3. The remaining question is whether the court erred" in', refusing a new trial, on'the ground that the verdict is against' the evidence. It is a sufficient answer to this to say, that' the' evidence embodied in the bill of exceptions does noir *546 make a case calling for the interference of this court. The judgment will therefore be affirmed.
Brinkeehoff, C.J., and Scott, Welch, and JDay, JJ., concurred.